**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Allen Angelo Fields, Appellant.

Appellate Case No. 2019-001393

---

Appeal From Charleston County
Bentley Price, Circuit Court Judge

---

Unpublished Opinion No. 2021-UP-408
Submitted November 1, 2021 – Filed November 17, 2021

---

**AFFIRMED**

---

Appellate Defender Kathrine Haggard Hudgins, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Ambree Michele Muller, both of
Columbia; and Solicitor Scarlett Anne Wilson, of
Charleston, all for Respondent.

---

**PER CURIAM:** Allen Angelo Fields appeals his convictions for armed robbery
and possession of a weapon during the commission of a violent crime and his
aggregate sentence of thirteen years' imprisonment. On appeal, Fields argues the

trial court abused its discretion by admitting a witness's in-court identification when the witness previously identified someone other than Fields during an out-of-court photo lineup.

Because Fields cross-examined the witness and addressed her in-court identification during closing argument, the trial court did not abuse its discretion in admitting the witness's in-court identification of Fields.  Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Brown*, 356 S.C. 496, 502, 589 S.E.2d 781, 784 (Ct. App. 2003) ("Generally, the decision to admit an eyewitness identification is in the trial judge's discretion and will not be disturbed on appeal absent an abuse of discretion, or the commission of prejudicial legal error."); *State v. Lewis*, 363 S.C. 37, 42, 609 S.E.2d 515, 518 (2005) ("We conclude, as the majority of courts have, that *Neil v. Biggers*[1] does not apply to in-court identifications and that the remedy for any alleged suggestiveness of an in-court identification is cross-examination and argument.").

**AFFIRMED.**[2]

**HUFF, THOMAS, and, GEATHERS, JJ., concur.**

---

[1] 409 U.S. 188 (1972).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.